IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

```
UNITED STATES OF AMERICA        *
                                *
        v.                      *       CR 612-001-2
                                *
TYSON LAMAR DAVIS               *
```

**O R D E R**

Defendant Tyson Lamar Davis was indicted on several drug-related offenses on January 10, 2012, but pursuant to a plea agreement, he pled guilty to one count of the lesser included offense-conspiracy to distribute controlled substances. He was sentenced on December 5, 2012, to serve 230 months imprisonment.

Recently, Davis penned a letter to the "Federal Public Defender" seeking the appointment of counsel to aid him in filing a motion for reduction of sentence. Because this district does not employ an office of Federal Public Defenders, the Clerk of Court docketed Davis's letter as a motion for the appointment of counsel under the Criminal Justice Act.

It is well settled that "a criminal defendant has no right to counsel beyond his first appeal." Coleman v. Thompson, 501 U.S. 722, 756 (1991). Moreover, a district court cannot modify an imposed sentence except under the limited exceptions of 18 U.S.C.

§ 3582(c). A criminal defendant, however, is not entitled to an appointed attorney for proceedings initiated under § 3582(c). See United States v. Webb, 565 F.3d 789, 794 (11th Cir. 2009). Moreover, upon review of the potential grounds for relief Davis mentions in his letter, the Court has determined that a motion for sentence reduction would be futile.

Davis first mentions the First Step Act of 2018. The only provision of the First Step Act that applies retroactively is Section 404, which allows a court to impose a reduced sentence as if Sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed. Here, Davis was charged, convicted and sentenced after August 3, 2010, the effective date of the Fair Sentencing Act. Thus, his conviction is not a covered offense under the First Step Act. See First Step Act, Pub. L. No. 115-391, § 404(a), 132 Stat. 5194 (defining a "covered offense" as "a violation . . . that was committed *before* August 3, 2010" (emphasis added)). Stated another way, the statutory changes brought about by the Fair Sentencing Act of 2010 were already in effect at the time Davis was sentenced. Accordingly, the First Step Act affords him no relief.[1]

---

[1] The Court notes that Davis received the benefit of Amendment 782 to the United States Sentencing Guidelines, which lowered the drug quantity tables of U.S.S.G. § 2D1.1, when his sentence was reduced to 185 months. (See Order of October 22, 2015, Doc. 541.)

2

Davis next mentions issues he has with his counsel and the sentencing enhancements applied in his case. He also cites the cases of Rehaif v. United States, --- U.S. ---, 139 S. Ct. 2191 (Jun. 21, 2019), and United States v. Gary, 954 F.3d 194 (4th Cir. 2020), which relied upon Rehaif. To pursue these grounds for relief, which attack the legality of his sentence, Davis must petition for habeas corpus relief under 28 U.S.C. § 2255 by filing a motion to vacate, set aside or correct his sentence. Again, a habeas petitioner has no absolute constitutional right to the appointment of counsel. Henderson v. Campbell, 353 F.3d 880, 892 (11th Cir. 2003) (held in the context of a habeas proceeding under 28 U.S.C. § 2254). Rather, a court may appoint counsel only if the interests of justice so require. 28 U.S.C. § 2255(g) (incorporating by reference the standards of 18 U.S.C. § 3006A(a)(2)(B) for the appointment of counsel); see McCall v. Cook, 495 F. App'x 29, 31 (11th Cir. 2012) (stating that civil litigants, even prisoners, have no constitutional right to counsel; rather, appointment of counsel in civil cases is "a privilege that is justified only by exceptional circumstances" (quoted source omitted)). Here, Defendant has not shown that the interests of justice demand the appointment of an attorney. In particular, the Court notes that Rehaif and Gary pertain to a conviction on a gun-related charge under 18 U.S.C. § 922(g), which is inapplicable here.

3

In sum, Davis has not demonstrated that he is entitled to appointed counsel. Accordingly, his motion for appointment of counsel (doc. 603) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 20th day of August, 2020.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA